DENNIS, Justice, dissenting.
Once criminal proceedings have been formally instituted, as they were here by the filing of the indictment, the need for counsel is particularly acute. An indictment is the point at which the government has committed itself to prosecute and the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 1887, 32 L.Ed.2d 411 (1972). The indictment also marks the point after which any questioning of the defendant by the government can only be for the purpose of butressing a prima facie case and establish the guilt of the defendant. After this point, police investigation cannot be justified on the basis of solving a particular crime or absolving a particular suspect. United States v. Mohabir, 624 F.2d 1140 (2d Cir.1980).
For these reasons and to insure the defendant was fully aware of his predicament and the consequences of his statements, before the state can introduce a confession by an indicted defendant the state has the heavy burden of showing a waiver of defendant’s Sixth Amendment right to counsel. United States v. Mohabir, supra. In the absence of adequate explanation of the significance of an indictment, it would not be proper to hold that a defendant understood the import of the right he was giving up.
In the present case, the defendant was not given any warnings by the investigating officers other than the standard Miranda warnings given to any person in custody. Indeed, there is no indication that the defendant was informed that he had been indicted, so certainly he could not have appreciated the gravity of his legal position or the urgency of his need for a lawyer’s assistance.
Because I cannot conclude that the defendant knowingly waived his right to counsel, I respectfully dissent.